BENJAMIN M. BOSWORTH *vs.* GEORGE H. NORMAN *et als.*

A., under a contract with the town of W. and under Pub. Laws R. I. cap. 285, of March 30, 1882, condemned certain land for a reservoir to supply the town with water. Part of the land belonged to B., a citizen of the town. A. leased to C. the right to cut ice from the reservoir, whereupon B., an ice dealer, asked for an injunction, claiming that the lease was violative of law and of A.'s contract with the town; that the ice cutting would defile the water and lessen its amount and would injure B.'s business. B.'s bill only set out A.'s contract with the town as one to supply pure water.

On demurrer to A.'s bill:

*Held*, that B. was not entitled to relief. B. was not a party to A.'s contract with the town. B. did not allege any special injury to himself resulting from the defilement of the water. B. did not allege that the lease to C. covered the parts of the reservoir formerly owned by B., nor did B. show any legal injury from the lease even if it was *ultra vires*, not being entitled by equitable process to prevent competition.

BILL IN EQUITY for an injunction. On demurrer to the bill.

*Providence, June* 28, 1884. DURFEE, C. J. This is a suit in equity for an injunction to restrain the cutting of ice on a reservoir from which the town of Warren is supplied with water. The bill shows that in 1882 the defendant Norman entered into a contract with the town of Warren, under Pub. Laws R. I. cap. 285, of March 30, 1882, to supply the town with pure water; that he thereupon instituted proceedings in the Supreme Court under said chapter 285, by which the land which is the site of the reservoir was taken and condemned for the purpose, and that a portion of the land so taken belonged to the complainant, who is and then was a citizen and elector of said town. The bill further sets forth that the defendant Norman and the Bristol and Warren Water Works have leased to the defendant John H. Brown a portion of the reservoir and of the water of the reservoir for the purpose of cutting and procuring ice thereon or therefrom, and that, in pursuance of the lease, Brown has partly erected and is erecting a house near the reservoir for the storage of ice. The bill sets forth that the complainant is a dealer in ice, engaged in the business of cutting, storing, and vending it in the town of Warren, and that

the using of the reservoir as aforesaid will seriously injure him in his business; that it will lessen the water supply of the town of Warren; that it will also soil and pollute the water, inasmuch as it will be necessary for men and horses to go upon and into the water to get the ice, and moreover that it will convert the water to uses not authorized by cap. 285, in violation of the law and of the contract of Norman with the town, and of the rights of the complainant as a citizen of the town and an ice dealer. The bill therefore prays for an injunction. The defendant Brown demurs to the bill for want of equity.

One ground on which the plaintiff asks the relief is that the letting of the privilege to cut the ice is a violation of the contract between Norman and the town of Warren. The bill does not set out the contract, nor the terms of it, any further than to show that it is a contract by Norman to supply the town with pure water. Ordinarily no person can sue for the breach of a contract who is not a party to it. The complainant is not a party to the contract. He is merely a citizen and elector in the town which is a party to it. We do not see how his being a citizen and elector gives him a right to sue. It will not be pretended that every individual citizen and elector of a town has a right to proceed in equity against parties having contracts with the town to prevent them from violating these contracts. There are cases in which the stockholders of a corporation are permitted to sue in equity on contracts in favor of the corporation when the corporation or its officers being requested refuse to bring the suit. We are not aware that, in analogy to this, it has ever been held that the citizens and voters of a town can be permitted to sue on the contracts of the town. But if they can, the complainant does not bring his case within the analogy; for, to say nothing of any other objection, he does not show that the town or its proper officers have been requested or prompted in any way to bring the suit and refused. We do not see how he can maintain the suit on this ground.

The complainant contends that relief ought to be granted because the cutting of the ice will necessarily soil or pollute the water, and thus render it less wholesome to drink and less useful for other purposes. This is equivalent to saying that the cutting will in its effects amount to a public nuisance. But it is well set-

tled that a suit brought by a private person to prevent or abate a public nuisance will not be entertained unless the complainant shows some special injury resulting from the nuisance which is peculiar to himself. High on Injunctions, § 522. The complainant does not show any such injury. He does not even show that he is a water taker.

The complainant contends that he is entitled to relief as owner of a portion of the land taken for the reservoir. The bill, however, does not allege that the lease to Brown purports to give him the privilege of cutting ice on that portion of the reservoir which covers the land taken from the complainant, or that either of the defendants has any intention of cutting ice there. We do not see therefore, how, as owner of land under the reservoir, he can maintain the suit. The ice does not belong to him nor the right of cutting it; but if it belongs to any private person, it belongs to the defendants or to the proprietor of the land over which it is cut. Gould on Waters, § 191.

The complainant contends that neither Norman nor the Bristol and Warren Water Works has any right to cut the ice or to grant the privilege of cutting it, such a grant being *ultra vires*. But if this be so, the complainant cannot maintain a suit to restrain their exorbitant action unless he shows that he will suffer a special injury from it. Brice on Ultra Vires, 508–511. The complainant contends that he does suffer a special and peculiar injury in that he himself is an ice dealer. The meaning is that Brown engaging in the business will become a rival ice dealer, and that the complainant will suffer from the competition. Undoubtedly this will be a damage to him, but it will not be in the legal sense of the word an injury. It will be *damnum absque injuriâ*. The complainant cannot show an injury without showing a right which is violated; and he has no right to carry on the ice business in Warren without competition. The fact that the competing business is illegal does not avail, unless it is illegal as to him, or unless, being illegal as to the public, he can prosecute the public remedy.

*Demurrer sustained.*

*O. L. Bosworth*, for complainant.
*James Tillinghast*, for respondents.